PAUL L. REIN, State Bar No. 43053
CELIA MCGUINNESS, State Bar No. 159420
CATHERINE CABALO, State Bar No. 248198
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone: (510) 832-5001
Facsimile: (510) 832-4787
reinlawoffice@aol.com

Attorneys for Plaintiff
ROOSEVELT JOHNSON

*Defendants' counsel listed after the caption*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROOSEVELT JOHNSON,<br><br>　　　　　Plaintiff,<br>v.<br><br>SAN ANTONIO INN, INC.; TEH YU INTERNATIONAL INVESTMENT, INC.; ROBERT CHU; and DOES 1-10, Inclusive,<br><br>　　　　　Defendants. | Case No. C12-01772 EJD<br><br>Civil Rights<br><br>**CONSENT DECREE AND [PROPOSED] ORDER AS TO INJUNCTIVE RELIEF ONLY** |

ABDALAH LAW OFFICES
MIRIAM WEN-LEBRON, ESQ. (State Bar No. 191429)
10455 Torre Avenue
Cupertino, CA 95014
Telephone: 408/252-5211
Facsimile: 408/996-2004
mwenlebron@abdalahlaw.com

Attorneys for Defendants
SAN ANTONIO INN, INC.;
TEH YU INTERNATIONAL
INVESTMENT, INC.; and ROBERT CHU

　　　　1.　　Plaintiff ROOSEVELT JOHNSON filed a Complaint in this action on April 10, 2012 to obtain recovery of damages for his discriminatory experiences,

CONSENT DECREE & ORDER
AS TO INJUNCTIVE RELIEF ONLY
Case No. C12-1772 EJD
\\rein-sbs\shared\CASES\S\SAN ANTONIO INN\PLEADINGS\Consent Decree\2012 09 07 Consent Decree & Order.doc

1. denial of access, and denial of his civil rights, and to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and California civil rights laws against Defendants SAN ANTONIO INN, INC.; TEH YU INTERNATIONAL INVESTMENT, INC.; and ROBERT CHU (all defendants sometimes referred to as "Defendants"), relating to the condition of Defendants' public accommodations as of November 12, 2011, and continuing. Plaintiff has alleged that Defendants violated Title III of the ADA and sections 51, 52, 54, 54.1, 54.3, and 55 of the California Civil Code, and sections 19955 *et seq.* of the California Health & Safety Code by failing to provide full and equal access to their facilities at 2650 W. El Camino Real, Mountain View, California (sometimes "Subject Premises").

2. Plaintiff and Defendants (together sometimes the "Parties") hereby enter into this Consent Decree and Order for the purpose of resolving injunctive relief aspects of this lawsuit without the need for protracted litigation. By entering into this Consent Decree, Defendants deny all liability for any and all claims brought forth in Plaintiff's Complaint, and this Consent Decree should not be construed as an admission of liability. Issues of damages and attorneys' fees, costs, and expenses will be the subject of further negotiations and litigation if necessary.

**JURISDICTION:**

3. The Parties to this Consent Decree and Order agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged violations of California Health & Safety Code sections 19955 *et seq.*; Title 24, California Code of Regulations; and California Civil Code sections 51, 52, 54, 54.1, 54.3, and 55.

4. In order to avoid the costs, expense, and uncertainty of protracted litigation, the Parties to this Consent Decree and Order agree to entry of this Consent Decree and Order to resolve all claims regarding injunctive relief raised in the Complaint filed with this Court. Accordingly, the Parties agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiffs' claims for injunctive relief.

WHEREFORE, the Parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provide as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

5. This Order shall be a full, complete, and final disposition and settlement of Plaintiff's injunctive relief claims against Defendants that have arisen out of the subject Complaint.

- 3 -

CONSENT DECREE & ORDER
AS TO INJUNCTIVE RELIEF ONLY
Case No. C12-1772 EJD
\\vein-sbs\shared\CASES\S\SAN ANTONIO INN\PLEADINGS\Consent Decree\2012 09 07 Consent Decree & Order.doc

6. Subject to the terms and conditions set forth below, the Parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, and Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to in this Consent Decree and Order.

a) **Closing of Subject Premises**: Defendants represent that they will close the Subject Premises to the public on or before October 31, 2012.

b) **Remedial Measures**: Defendants agree to complete the following work to create disabled access at the Subject Premises: (1) create one van-accessible handicapped parking stall in the area depicted in photographs A4 and A6 of the draft report of Plaintiff's access consultant, Jonathan Adler, attached to and incorporated with this Consent Decree as **Attachment A**, insuring that the stall is adjacent to the path of travel to the check-in/lobby of the Subject Premises; (2) put up signage in the check-in/lobby of the Subject Premises that specifically indicates that the hotel is **not accessible** to patrons with disabilities; (3) remove the device from the "push-side" of the door, as described in Item No. B1 in **Attachment A**; and (3) replace the thumb latch hardware with lever-style hardware or equivalent as described in Item No. B2 in **Attachment A**.

- 4 -

CONSENT DECREE & ORDER
AS TO INJUNCTIVE RELIEF ONLY
Case No. C12-1772 EJD
\\vein-sbs\shared\CASES\S\SAN ANTONIO INN\PLEADINGS\Consent Decree\2012 09 07 Consent Decree & Order.doc

c) **Additional Remedial Measures in the Event of Non-Closure:** In the event that Defendants continue to operate the Subject Premises as a public accommodation after October 31, 2012, Defendants agree to complete all of the corrective work described and set forth in **Attachment A**. Defendants agree to undertake all of the respective remedial work as set forth therein and complete all work by November 1, 2012. Defendants also agree to pay a penalty of $1,000 for each day after October 31, 2012 that they operate the Subject Premises as a public accommodation.

d) **Future Sale of Subject Premises:** Defendants agree to provide all potential purchasers of the Subject Premises (i.e. any individual or entity who has made an offer, verbally or in writing, to purchase the Subject Premises) with a copy of Mr. Adler's report that is **Attachment A** to this Consent Decree. Defendants also agree to advise all potential purchasers of the Subject Premises that any subsequent owner who continues to operate the Subject Premises as a public accommodation with its current buildings and configuration, will be added as a defendant in this action.

## DAMAGES, ATTORNEYS' FEES, LITIGATION EXPENSES, AND COSTS:

7. The Parties have not reached any agreement regarding Plaintiffs' claims for damages, attorneys' fees, litigation expenses, and costs. These matters

- 5 -

will be the subject of future negotiation or litigation as necessary. <u>The Parties jointly stipulate and request that the Court not dismiss the case in its entirety as these issues remain unresolved</u>.

**ENTIRE CONSENT DECREE AND ORDER:**

8. This Consent Decree and Order and **Attachment A** constitute the entire agreement between the signing Parties and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters described herein.

**CONSENT DECREE AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

9. This Consent Decree and Order shall be binding on Plaintiffs, Defendants, and any successors-in-interest. Defendants have a duty to so notify all such successors-in-interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

//

//

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO INJUNCTIVE RELIEF ONLY:**

10. Each of the Parties to this Consent Decree and Order understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree and Order, any or all of them will incur, suffer, or experience some further loss or damage with respect to the lawsuit that is unknown or unanticipated at the time this Consent Decree and Order is signed. Except for all obligations required in this Consent Decree and Order, the Parties intend that this Consent Decree and Order apply to all such further loss with respect to the lawsuit, except those caused by the Parties subsequent to the execution of this Consent Decree and Order. Therefore, except for all obligations required in this Consent Decree and Order, this Consent Decree and Order shall apply to and cover any and all claims, demands, actions, and causes of action by the Parties to this Consent Decree with respect to the lawsuit, whether the same are known, unknown, or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

- 7 -
CONSENT DECREE & ORDER
AS TO INJUNCTIVE RELIEF ONLY
Case No. C12-1772 EJD
\\rein-sbs\shared\CASES\S\SAN ANTONIO INN\PLEADINGS\Consent Decree\2012 09 07 Consent Decree & Order.doc

This waiver applies to the injunctive relief aspects of this action only and does not include resolution of Plaintiff's claims for damages, attorneys' fees, litigation expenses, and costs.

11. Except for all obligations required in this Consent Decree and Order – and exclusive of the referenced continuing claims for damages, attorneys' fees, litigation expenses, and costs – each of the Parties to this Consent Decree and Order, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners, and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit. Notwithstanding the foregoing, the Defendants do not waive or release, but instead explicitly preserve, their rights to seek contribution, apportionment, indemnification, and all other appropriate relief from each other in connection with this Lawsuit and settlement thereof.

**TERM OF THE CONSENT DECREE AND ORDER:**

- 8 -

CONSENT DECREE & ORDER
AS TO INJUNCTIVE RELIEF ONLY
Case No. C12-1772 EJD
\\rein-sbs\shared\CASES\S\SAN ANTONIO INN\PLEADINGS\Consent Decree\2012 09 07 Consent Decree & Order.doc

12. This Consent Decree and Order shall be in full force and effect -- and the Court shall retain jurisdiction of this action to enforce provisions of this Consent Decree and Order -- for a period of eighteen (18) months after the date of entry of this Consent Decree and Order by the Court, or until the injunctive relief contemplated by this Order is completed, whichever occurs later.

**SEVERABILITY:**

13. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

14. Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

**END OF PAGE.
SIGNATURES CONTINUE ON THE NEXT PAGE AND ORDER IS AT THE END OF THE DOCUMENT.**

- 9 -

CONSENT DECREE & ORDER
AS TO INJUNCTIVE RELIEF ONLY
Case No. C12-1772 EJD
\\rcfn-sbs\shared\CASES\S\SAN ANTONIO INN\PLEADINGS\Consent Decree\2012 09 07 Consent Decree & Order.doc

Dated: 9-13, 2012   PLAINTIFF ROOSEVELT JOHNSON

_____
ROOSEVELT JOHNSON

Dated: 9/27, 2012   DEFENDANT SAN ANTONIO INN, ~~INC.~~
A FICTITIOUS BUSINESS NAME OF
TEH YU INTERNATIONAL INVESTMENT, INC.
By: _____
Print name: SHAO HAN CHU
Title: PRESIDENT, TEH YU INTERNATIONAL INVESTMENT, INC.

Dated: 9/27, 2012   DEFENDANT TEH YU INTERNATIONAL INVESTMENT, INC.

By: _____
Print name: SHAO HAN CHU
Title: PRESIDENT, TEH YU INTERNATIONAL INVESTMENT, INC.

Dated: 9/27, 2012   DEFENDANT ROBERT CHU

_____
ROBERT CHU
(SHAO HAN CHU)

//
//
//

- 10 -

CONSENT DECREE & ORDER
AS TO INJUNCTIVE RELIEF ONLY
Case No. C12-1772 EJD
\\rein-sbs\shared\CASES\S\SAN ANTONIO INN\PLEADINGS\Consent Decree\2012 09 07 Consent Decree & Order.doc

APPROVED AS TO FORM:

DATED: 9/19, 2012

LAW OFFICES OF PAUL L. REIN

By: _____
Catherine Cabalo, Esq.
Attorneys for Plaintiff
ROOSEVELT JOHNSON

DATED: 10/02, 2012

ABDALAH LAW OFFICES

By: _____
Miriam Wen-Lebron, Esq.
Attorneys for Defendants
SAN ANTONIO INN, INC.; TEH YU INTERNATIONAL INVESTMENT, INC.; and ROBERT CHU

- 11 -

CONSENT DECREE & ORDER
AS TO INJUNCTIVE RELIEF ONLY
Case No. C12-1772 EJD
\\rein-sbs\shared\CASES\S\SAN ANTONIO INN\PLEADINGS\Consent Decree\2012 09 07 Consent Decree & Order.doc

# ORDER

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

Dated: ___2/5___, 2012

_____
Honorable Edward J. Davila
United States District Judge